IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDONO LEON MORRIS,

    Petitioner,               No. CIV S-08-1790 DAD P

    vs.

I.D. CLAY, Warden,

    Respondent.            ORDER

_____/

       Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered in the Sutter County Superior Court. On August 12, 2008, the court ordered respondent to file a response to the petition. On August 25, 2008, petitioner filed a motion for a stay and abeyance. For the reasons discussed below, petitioner's motion will be denied without prejudice. In addition, respondent will be relieved of having to file a response to the petition at this time.

       The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also

Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

        Petitioner's motion for a stay and abeyance is vague and conclusory and does not provide sufficient facts and information to satisfy the requirements of Rhines. Specifically, in petitioner's motion, he simply claims that he has "additional issues concerning this case pending resolution within the California State courts." He then contends that this court should hold these proceedings in abeyance until the state courts have considered these additional issues. Based on petitioner's motion, the court is unable to determine whether petitioner has good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing those unexhausted claims. See Taylor, 134 F.3d at 987 nn.8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's motion will be denied without prejudice to the filing of a renewed motion for a stay and abeyance.

        Petitioner will be granted thirty days to file a renewed motion for a stay and abeyance. The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrate why each of petitioner's unexhausted claims is

potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 25, 2008 motion for a stay and abeyance (Doc. No. 7) is denied without prejudice;

2. Petitioner is granted thirty days from the date of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above; and

3. Respondent is relieved of having to file a response to the petition until further ordered by the court.

DATED: September 8, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1790.msty