IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDONO LEON MORRIS,

       Petitioner,              No. CIV S-08-1790 FCD DAD P

   vs.

I.D. CLAY, Warden,

       Respondent.         <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is petitioner's renewed motion for a stay and abeyance.  Respondent has filed an opposition to petitioner's motion, and petitioner has filed a reply.

**BACKGROUND**

       On May 10, 2005 in the Sutter County Superior Court, petitioner was convicted of, <u>inter alia</u>, driving with a willful or wanton disregard for the safety of persons or property while fleeing from a peace officer.  The trial court sentenced petitioner to 27 years to life in state prison.  (Pet. at 2.)  The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review.  Other than his direct appeal, at the time petitioner filed his federal habeas petition, he had not pursued any other challenges to his conviction.  (<u>Id.</u> at 3.)

# PROCEDURAL HISTORY

On August 4, 2008, petitioner filed a fully exhausted petition for writ of habeas corpus in this court. Therein, he asserts one claim, specifically, that there is insufficient evidence to support his felony conviction in violation of the Fifth Amendment and Fourteenth Amendment. (Pet. at 5, Mem. of P. & A. 13-21.) On August 25, 2008, petitioner filed a motion for a stay and abeyance. On September 8, 2008, the undersigned denied petitioner's motion without prejudice to filing a renewed motion that (1) showed good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) demonstrated why each of petitioner's unexhausted claims is potentially meritorious, (3) described the status of any state court proceedings on the unexhausted claims, and (4) demonstrated that petitioner has acted with diligence in pursuing additional claims.

As noted above, in accordance with the court's order, petitioner has filed a renewed motion for a stay and abeyance. Respondent has filed an opposition to the motion, and petitioner has filed a reply.

# THE PARTIES' ARGUMENTS

Petitioner requests that the court hold these proceedings in abeyance to afford him an opportunity to exhaust six additional claims for relief in state court. Specifically, petitioner claims that (1) the traffic stop that led to his conviction was illegal, (2) the prosecutor introduced perjured testimony at his trial, (3) the trial court denied him the right to call witnesses who could have provided testimony exculpating him, and (4)-(6) his trial counsel was ineffective for failing to call an expert witness to discredit the prosecution's chief witness, for failing to investigate whether petitioner's brake lights were in fact broken as the police officer who stopped his vehicle testified at trial, and for failing to adequately prepare for petitioner's sentencing. Petitioner argues that he has been diligent in pursuing his claims and notes that he has a petition for writ of habeas corpus currently pending in the Sutter County Superior Court.

/////

1    In opposition to petitioner's motion, respondent argues that petitioner's status as a

2  layman is not good cause for failing to exhaust his claims in state court in a timely fashion.  In

3  addition, respondent argues that none of petitioner's claims have merit.  Respondent argues, for

4  example, that petitioner's claims challenging his initial traffic stop are barred by Stone v. Powell.

5  In addition, with respect to petitioner's ineffective assistance of counsel claims, respondent

6  contends that petitioner's trial was before a judge and not a jury and that the trial judge could

7  properly assess witness credibility without expert testimony and also had access to all relevant

8  materials at sentencing.  Respondent contends that petitioner has not been diligent in pursuing his

9  claims, so the court should deny his renewed motion for a stay and abeyance.

### ANALYSIS

11   The United States Court of Appeals for the Ninth Circuit recently analyzed the

12  two procedures available to habeas petitioners who wish to proceed with exhausted and

13  unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth

14  Circuit explained "the Kelly procedure," which it outlined it in Kelly v. Small, 315 F.3d 1063

15  (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted
> claims, (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing petitioner the opportunity to proceed
> to state court to exhaust the deleted claims, and (3) petitioner later
> amends his petition and re-attaches the newly-exhausted claims to
> the original petition.

20  King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be

21  able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's

22  newly-exhausted claims are untimely, he will only be able to amend his petition to include them

23  if they share a "common core of operative facts" with the claims in his original petition.  In this

24  regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for

25  a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring

26  during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75

1   (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not

2   toll the statute of limitations).

3              As the Ninth Circuit explained in King, the United States Supreme Court has

4   authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277

5   (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete

6   unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his

7   unexhausted claims remain pending in federal court while he returns to state court to exhaust

8   them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines

9   concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to

10  return to state court to present unexhausted claims.").  A petitioner who elects to proceed under

11  the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his

12  petition.  See King, 564 F.3d at 1140.  However, the Supreme Court cautioned that a "stay and

13  abeyance [under the Rhines procedure] should be available only in limited circumstances," and

14  "district courts should place reasonable time limits on a petitioner's trip to state court and back."

15  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a

16  stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the

17  unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be

18  stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state

19  court to exhaust additional claims.  Id. at 277-78.

20             In this case, petitioner cannot present any new claims to this court until those

21  claims have been fairly presented to the California Supreme Court.  It does not appear that the

22  pro se petitioner seeks to stay these proceedings for an improper purpose.  Nor does it appear that

23  petitioner has engaged in abusive litigation tactics or intentional delay.  Moreover, if petitioner

24  obtains relief in state court, his federal petition may be rendered moot, thereby serving the

25  interests of judicial economy as well as the interests of justice.  Finally, although respondent may

26  ultimately prove to be correct regarding the merits of the claims which petitioner is now in the

process of exhausting, the undersigned does not find all of them to be plainly meritless at this time.  Accordingly, petitioner's renewed motion for a stay and abeyance should be granted.

Before the court will issue its findings and recommendations to this effect, however, the court observes that the original petition in this case is fully exhausted.  The court can recommend staying petitioner's fully exhausted petition under the Kelly procedure.  However, petitioner has established good cause for a stay under Rhines.  As discussed above, under the Rhines procedure, the court has the discretion to stay a "mixed petition."  Petitioner can potentially avoid a timeliness issue with respect to his federal petition if he files an amended petition containing all of his exhausted and unexhausted claims before the court issues a stay of this action.  See King, 564 F.3d at 1140.  If petitioner fails to amend his petition before the court issues a stay in this action, petitioner runs an increased risk that his unexhausted claims will not "relate back" and will be time-barred when he returns from state court.  See Mayle v. Felix, 545 U.S. 644 (2005) (petitioner may amend his petition after the expiration of the statute of limitations period if the new claims share a "common core of operative facts" with the claims in the pending petition); King, 564 F.3d at 1141 ("the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim").

Under the circumstances of this case, the court will order petitioner to inform the court on how he wishes to proceed.  Petitioner will be directed to either (a) file a declaration indicating he wishes to proceed under the Kelly procedure or (b) file a declaration indicating he wishes to proceed under the Rhines procedure, together with an amended petition that contains all of his exhausted and unexhausted claims.  Upon receipt and review of petitioner's filing, the court will issue findings and recommendations, recommending petitioner's renewed motion for a stay and abeyance be granted.

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Within ten days of the date of service of this order, petitioner shall either:

(a)  file a declaration indicating he wishes to proceed under the <u>Kelly</u> procedure, or

(b)  file a declaration indicating he wishes to proceed under the <u>Rhines</u> procedure, together with an amended petition that contains all of his exhausted and unexhausted claims; and

2.  The Clerk of the Court is directed to send petitioner the form for habeas corpus application.  If petitioner elects option (b), he is advised that he must file his amended petition on the form employed by this court, must name the proper respondent, and must state all exhausted and unexhausted claims and prayers for relief on the form.  Any amended petition must also bear the case number assigned to this action and must bear the title "Amended Petition"

DATED: July 2, 2009.

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1790.sty