1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDONO LEON MORRIS,

          Petitioner,               No. CIV S-08-1790 FCD DAD P

   vs.

I.D. CLAY, Warden,

          Respondent.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, commenced

this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before

the court is petitioner's renewed motion for a stay and abeyance.  Respondent has filed an

opposition to the motion, and petitioner has filed a reply.

**BACKGROUND**

        On May 10, 2005, in the Sutter County Superior Court, petitioner was convicted

of, <u>inter alia</u>, driving with a willful or wanton disregard for the safety of persons or property

while fleeing from a peace officer.  The trial court sentenced petitioner to 27 years to life in state

prison.  (Pet. at 2.)  The California Court of Appeal affirmed the judgment of conviction on

appeal and the California Supreme Court denied review.  Other than his direct appeal, at the time

/////

1

1  petitioner filed his federal habeas petition, he had not pursued any other challenges to his

2  conviction.  (Id. at 3.)

**PROCEDURAL HISTORY**

4          On August 4, 2008, petitioner filed a fully exhausted petition for writ of habeas

5  corpus in this court.  Therein, he asserts one claim, specifically, that there was insufficient

6  evidence to support his felony conviction and that his rights under the Fifth Amendment and

7  Fourteenth Amendment were therefore violated.  (Pet. at 5, Mem. of P. & A. 13-21.)  On August

8  25, 2008, petitioner filed a motion for a stay and abeyance.  On September 8, 2008, the

9  undersigned denied petitioner's motion without prejudice to his filing of a renewed motion that

10 (1) showed good cause for petitioner's failure to exhaust all claims prior to filing this action, (2)

11 demonstrated why each of petitioner's unexhausted claims is potentially meritorious, (3)

12 described the status of any state court proceedings on the unexhausted claims, and (4)

13 demonstrated that petitioner has acted with diligence in pursuing additional claims.  As noted

14 above, petitioner has now filed a renewed motion for a stay and abeyance

15         On July 2, 2009, the undersigned issued an order summarizing the background of

16 this case as well as the arguments of the parties.  In addition, the undersigned explained that the

17 United States Court of Appeals for the Ninth Circuit recently analyzed the two procedures

18 available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for

19 relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the

20 Kelly procedure," which it outlined it in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under

21 the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted
> claims, (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing petitioner the opportunity to proceed
> to state court to exhaust the deleted claims, and (3) petitioner later
> amends his petition and re-attaches the newly-exhausted claims to
> the original petition.

26 King, 564 F.3d at 1135.

2

1    The Ninth Circuit also explained in <u>King</u> that the United States Supreme Court

2 had authorized an alternative procedure in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  Under the

3 <u>Rhines</u> procedure, the petitioner need not amend his petition to delete unexhausted claims.

4 Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain

5 pending in federal court while he returns to state court to exhaust them.  <u>See</u> <u>King</u>, 564 F.3d at

6 1140; <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005) ("<u>Rhines</u> concluded that a district court

7 has discretion to stay a mixed petition to allow a petitioner time to return to state court to present

8 unexhausted claims.").

9    The undersigned determined that the court could stay petitioner's fully exhausted

10 petition under the <u>Kelly</u> procedure.  The court also determined that petitioner had established

11 good cause, so the court could stay his petition under the <u>Rhines</u> procedure.  The undersigned

12 observed, however, that petitioner's original petition in this case is fully exhausted and explained

13 that, under the <u>Rhines</u> procedure, the court has the discretion to stay a "mixed petition."  The

14 undersigned further explained that petitioner could potentially avoid a timeliness issue with

15 respect to his federal petition if he filed an amended petition containing all of his exhausted and

16 unexhausted claims before the court issued any stay in this action.  <u>See</u> <u>King</u>, 564 F.3d at 1140 &

17 1141 ("the <u>Kelly</u> procedure, unlike the <u>Rhines</u> procedure, does nothing to protect a petitioner's

18 unexhausted claims from untimeliness in the interim"); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644

19 (2005) (petitioner may amend his petition after the expiration of the statute of limitations period

20 if the new claims share a "common core of operative facts" with the claims in the pending

21 petition).  Under the circumstances of the case, the undersigned ordered petitioner to inform the

22 court on how he wished to proceed and directed petitioner to either (a) file a declaration

23 indicating he wished to proceed under the <u>Kelly</u> procedure or (b) file a declaration indicating he

24 wished to proceed under the <u>Rhines</u> procedure, together with an amended petition that contained

25 all of his exhausted and unexhausted claims.

26 /////

**ANALYSIS**

In response to the court's order, petitioner has timely filed a declaration, explaining that all of his unexhausted claims are still pending at the California Supreme Court and that he wishes to proceed under the <u>Rhines</u> procedure.  He has also filed an amended petition containing all of his exhausted and unexhausted claims.  As the court previously explained, petitioner has established good cause to stay his petition under the <u>Rhines</u> procedure.  Accordingly, for the reasons discussed herein, as well as in the court's July 2, 2009 order, the court concludes that petitioner's renewed motion for a stay and abeyance should be granted.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's October 9, 2008 renewed motion for a stay and abeyance (Doc. No. 16) be granted;

2.  This action be stayed and the Clerk of the Court be directed to administratively close the case;

3.  Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

4.  Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

4

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153

3   DATED: July 16, 2009.

4

5

6                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
7   DAD:9
    morr1790.157
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26